## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHARO GAIA FUND, LTD., and PHARO MACRO FUND, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 23-mc-00360-LPS |
| PHARO GAIA FUND, LTD., PHARO MACRO FUND, LTD., and PHARO TRADING FUND, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 23-mc-00361-LPS |

## MEMORANDUM OF LAW OF PETRÓLEOS DE VENEZUELA, S.A. IN SUPPORT OF CROSS-MOTION TO DISMISS FOR LACK OF JURISDICTION AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR A WRIT OF ATTACHMENT

OF COUNSEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Joseph D. Pizzurro (*pro hac vice*)
Kevin A. Meehan (*pro hac vice*)
Juan O. Perla (*pro hac vice*)
Aubre G. Dean (*pro hac vice*)
Allesandra D. Tyler (*pro hac vice*)
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
adean@curtis.com
atyler@curtis.com

HEYMAN ENERIO GATTUSO & HIRZEL LLP
Samuel T. Hirzel, II (#4415)
Brendan Patrick McDonnell (# 7086)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law
bmcdonnell@hegh.law

*Attorneys for Intervenor Petróleos de Venezuela, S.A.*

Petróleos de Venezuela, S.A. ("PDVSA") respectfully submits this memorandum of law in support of its cross-motion to dismiss and in opposition to Plaintiffs' Motion for an Order Authorizing a Writ of Attachment *Fieri Facias* [D.I. 4] ("Attachment Motion").[1]

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs are judgment creditors of Venezuela. D.I. 4 at 1-2. In October 2020 and October 2021, the United States District Court for the Southern District of New York entered judgments against the Republic (the "Judgments") based upon the Republic's default on its obligations under three fiscal agency agreements and various bonds beneficially-owned by Plaintiffs. *Id*. at 2. PDVSA was not a party to the underlying agreements or the underlying litigations. Plaintiffs have no judgment against PDVSA.

On August 2, 2023, Plaintiffs registered the Judgments in this Court. 23-mc-00360, D.I. 1; 23-mc-00361, D.I. 1. On August 2, 2023, Plaintiffs filed a Motion for a Writ of Attachment, seeking an order authorizing the issuance of a writ of attachment *fieri facias* against the shares of PDV Holding Inc. (PDVH), which are wholly owned by PDVSA. D.I. 4. On August 22, 2023, the parties stipulated that PDVSA would be permitted to intervene in this action to oppose Plaintiffs' Attachment Motion. D.I. 12. This Court approved this stipulation on August 23, 2023.

## ARGUMENT

### I.    PDVSA and Its Property Are Entitled to Immunity under the FSIA

PDVSA is the national oil company of Venezuela and is an undisputed "agency or instrumentality of a foreign state" under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* (the "FSIA"). As a result, PDVSA is presumptively immune from the jurisdiction of this Court and its assets are presumptively immune from attachment and execution. *See*

---

[1] "D.I." citations are to filings in No. 21-mc-00360 unless otherwise stated.

28 U.S.C. §§ 1604, 1609; *see also Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). Accordingly, this Court cannot grant the Attachment Motion unless it determines that PDVSA is not entitled to immunity and that subject matter jurisdiction exists under the FSIA.

The Attachment Motion argues that the Republic is not entitled to jurisdictional immunity here because it "litigated its immunity (and lost) in one suit and refused to appear in another action, resulting in a default judgment being entered against it." D.I. 4 at 18-19. PDVSA was not a party to the underlying lawsuits and therefore did not litigate the issue of or waive its jurisdictional immunity. The Attachment Motion also argues that the Republic waived its immunity from execution in the underlying fiscal agency agreements. D.I. 4 at 17-18. PDVSA is not a party to those agreements and therefore any provisions in those agreements purporting to waive the Republic's immunity do not apply to PDVSA. Plaintiffs argue that the Republic's alleged waivers of immunity are binding on PDVSA on the grounds that PDVSA is the alter ego of the Republic based on *Crystallex Int'l Corp. v. Venezuela*, 932 F.3d 126 (3d Cir. 2019) and *OI European Grp. B.V. v. Republic of Venezuela*, 73 F.4th 157 (3d Cir. July 7, 2023).

Pursuant to the parties' stipulation, PDVSA agrees that the Third Circuit's decision in *OIEG* is binding on the parties in this case subject to PDVSA's right to appeal the denial of its sovereign immunity in the event the Court grants the Attachment Motion. D.I. 11 at 2-3. Furthermore, as also stated in the parties' stipulation, PDVSA and the Republic filed a petition for a writ of certiorari in *OIEG* and associated cases and PDVSA expressly reserves its right to seek relief from any judgment or order granting the Attachment Motion in the event the Third Circuit's decision in *OIEG* is reversed, modified, or overruled. Lastly, in the event that *OIEG* is reversed, modified, or overruled, the *Crystallex* decision would not be dispositive of PDVSA's sovereign immunity defense in this case.

II.     **Plaintiffs' Attachment Motion Must Be Denied**

PDVSA opposes Plaintiffs' Attachment Motion for all the reasons set forth in the Republic's opposition to the Attachment Motion.  Pursuant to the parties' stipulation, the parties agree that they are bound by the Third Circuit's finding in *OIEG* that PDVSA is the alter ego the Republic for purposes of rebutting the presumption of separateness under *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611 (1983) ("*Bancec*").  For the avoidance of doubt, PDVSA reserves its right to appeal a denial of its sovereign immunity in this case that is predicated on the *Bancec* analysis in *OIEG*.  PDVSA further reserves its right to seek relief from any judgment or order granting the Attachment Motion in the event the Third Circuit's decision in *OIEG* is reversed, modified, or overruled.  Finally, for all the reasons stated in the Republic's opposition, which are incorporated herein, the Attachment Motion must be denied as a matter of Delaware law.

<u>**CONCLUSION**</u>

For the reasons set forth above and in the Republic's opposition, this Court should grant PDVSA's motion to dismiss and deny Plaintiffs' Attachment Motion.

OF COUNSEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

Joseph D. Pizzurro (*pro hac vice*)
Kevin A. Meehan (*pro hac vice*)
Juan O. Perla (*pro hac vice*)
Aubre G. Dean (*pro hac vice*)
Allesandra D. Tyler (*pro hac vice*)
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
adean@curtis.com
atyler@curtis.com

Dated: August 25, 2023

HEYMAN ENERIO GATTUSO & HIRZEL LLP

*/s/ Samuel T. Hirzel, II*
Samuel T. Hirzel, II (#4415)
Brendan Patrick McDonnell (# 7086)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law
bmcdonnell@hegh.law

*Attorneys for Intervenor Petróleos de Venezuela, S.A.*